MARIE L. HAFNER v. BANK OF ENTERPRISE.

1. CIRCUIT COURT OF UNITED STATES—GENERAL, BUT LIMITED JURISDICTION.

The circuit court of the United States is a court of general though limited jurisdiction and as such has the right to pass upon its own jurisdiction, and its judgment, while entitled to all the presumption in its favor which attaches to judgments of courts of general jurisdiction in our own and sister states, may be contradicted as to the facts necessary to give jurisdiction. Therefore, such court is not a court of special jurisdiction within the contemplation of Sec. 5090 Rev. Stat., providing that it shall be sufficient to state where the judgment is of a court of special jurisdiction, that it was duly given or made, which fact must be established on trial if controverted.

2. WAIVER OF TECHNICAL DEFECT IN PLEADING.

An answer, "now comes the defendant and says that she denies," etc., is technically not in good form, but the parties having gone to trial without objection thereto on the assumption that it is a good traverse to the allegations of the petition, it will be treated on error as a sufficient denial, especially since it could have been cured by amendment.

HEARD ON ERROR.

J. D. Creed and E. A. Hafner, for plaintiff in error.

Kelly & Hauck, contra.

PER CURIAM.

The answer, "Now comes defendant and *says that she denies,*" etc., is technically not in good form, but as the parties went to trial below without objection to its form and on the assumption that it is a good

traverse to the allegations of the petition, it will be treated here as a sufficient general denial. At all events it could be cured by amendment.

We are of opinion that the circuit court of the United States is not a court of special jurisdiction within the contemplation of Sec. 5090 Rev. Stat. The provisions of this section are confined to judgments of inferior tribunals. Wehrman v. Reakirt, 2 C. S. C. 29; Seney's Code (1860 Ed.), p. 162, Sec. 120 and notes; Memphis Med. Col. v. Newton, 12 Re. 382 (2 Handy 163); Hollister v. Hollister, 10 How. Pr. (N. Y.) 532-539.

As against the provisions of this statute the circuit court of the United States is a court of *general* but limited jurisdiction (see Dowell v. Applegate, 152 U. S. 327, opinion per Mr. Justice Harlan, page 340), and as such has the right to pass upon its own jurisdiction, and its judgment is entitled to all the presumption in its favor which attaches to the judgments of courts of general jurisdiction of our own and sister states.

"Neither the constitutional provision, that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, nor the act of congress, passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered.

"The record of a judgment rendered in another state, may be contradicted, as to the facts necessary to give the court jurisdiction; and if it be shown that such facts did not exist, the record will be a *nullity*, notwithstanding it may recite that they did exist." Pennywit v. Foote, 27 Ohio St. 600 [22 Am. Rep. 340]; Spier v. Corll, 33 Ohio St. 236; Wilhelm v. Parker, 9 Circ. Dec. 724 (17 R. 234, 237); Dodd v. Groll, 8 Circ. Dec. 334 (19 R. 718).

The petition in this case alleges the jurisdiction of the circuit court of the United States of the district of Kansas and the answer denies the same. Its jurisdiction is fairly put in issue. Conceding that the presumption which obtains in favor of the judgment sustains the burden on the plaintiff in the first instance, what evidence does an examination of the record disclose to rebut it?

(1) There is the testimony of the witness, R. P. March, in his deposition, "Exhibit B:"

"Were you personally acquainted with John A. Hafner and Marie L. Hafner?

"A. I was.

"Where did they reside in 1894?

"A. At Enterprise, Kansas, and they continued to reside there until some time in 1895."

(2)  There is the evidence in the note itself dated "Enterprise, Kansas, November 1, 1893," also, P. O. address.

                            "Enterprise, Kansas.

                                        "Due November 1st, 1894."

(3)  The fact that the action was brought in the district of Kansas.

Weighing this evidence as against the presumption, we find as a fact that Marie L. Hafner was a citizen of Kansas on June 29, 1894, and are hence of opinion that the circuit court of the United States had no jurisdiction of a cause of action between Marie L. Hafner and the bank of Enterprise, both being citizens of the same state.

Judgment reversed.